UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80552-CIV-GAYLES/TURNOFF

FIDENCIO DUARTE, et al.,

    Plaintiffs,
v.

MALDONADO BROTHERS, INC.,
    Defendants.
    _____/

## ORDER

**THIS CAUSE** came before the Court upon S. Woods Industries, LLC and Woods Treasure Coast, LLC's Motion to Dismiss [ECF 66]; EFN Investments, Napleton's Nissan, Napleton's North Palm Auto Park, Inc., Arrigo DCJ Sawgrass, Inc., and Napleton's North Palm Hyundai's Motion to Dismiss Plaintiffs' Third Amended Complaint for Failure to State a Claim [ECF 69]; Suburban of Palm Beach, LLC's Motion to Dismiss Plaintiffs' Third Amended FLSA Complaint [ECF 70]; and Defendant Arrigo DCJ Sawgrass, Inc.'s Motion to Dismiss Plaintiffs' Third Amended FLSA Complaint [ECF 103] (collectively the "Motions to Dismiss"). The Court has considered the parties' written submissions and applicable law. Based thereon, the Court denies the Motions to Dismiss.

## **BACKGROUND**[1]

Fidencio Duarte ("Duarte"), Alis Garcia ("Garcia"), Eduardo Morales ("Morales"), Patrick Morales ("Morales"), Patrick Morgan ("Morgan"), and Pedro Angel Berrios ("Berrios") (collectively "Plaintiffs") each worked as car washers for Defendants Maldonado Brothers, Inc. and

---

[1] The Court takes the allegations from the Third Amended Complaint [ECF 64] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Brinolfo Maldonado (collectively "Auto Wax"). Auto Wax provides car washers to car dealerships to clean automobiles for sale. Defendants EFN Investments d/b/a Napleton's Kia and Napleton's Nissan ("EFN"), Napleton's North Palm Auto Park, Inc. d/b/a Napleton's Northlake Chrysler Dodge Jeep Ram ("North Palm"), Napleton's North Palm Hyundai d/b/a North Palm Hyundai, LLC ("Hyundai"), Arrigo DCJ Sawgrass, Inc. ("Arrigo"), Suburban of Palm Beach, LLC d/b/a Suburban Volvo Palm Beach ("Suburban"), S. Woods Industries, LLC d/b/a Treasure Coast Lexus ("S. Woods"), and Woods Treasure Coast, LLC d/b/a Treasure Coast Toyota of Stuart ("Woods Treasure") (collectively the "Dealer Defendants") all utilized Auto Wax employees, including one or more of the Plaintiffs.

Plaintiffs assert that their work at the Dealer Defendants was an essential component of the automobile dealership business and that the Dealer Defendants directed their daily activities and ensured the quality of their work. The Dealer Defendants also were responsible for communicating customer complaints to Plaintiffs. Plaintiffs contend that Auto Wax directed Plaintiffs to follow the Dealer Defendants' directions.

Plaintiffs allege that they worked overtime for the Defendants but received no overtime compensation. As a result, on May 30, 2013, Plaintiffs filed this action against Auto Wax under the Fair Labor Standards Act ("FLSA"). Auto Wax failed to answer and the clerk entered a default. Plaintiffs then moved for a final default judgment against Auto Wax [ECF 31]. The Court, however, denied the motion because a) the veracity of the affidavit in support was questionable; b) the Complaint did not appear to adequately set forth enterprise coverage under the FLSA; and c) the damages calculations were not supported [ECF 32].

Plaintiffs proceeded to amend their complaint several times, each time adding additional defendants. The operative complaint is now the Third Amended Complaint, which includes the

2

Dealer Defendants. Plaintiffs assert Auto Wax and the Dealer Defendants are joint employers under the FLSA and are jointly liable for Plaintiffs' overtime wages. In response, the Dealer Defendants filed the Motions to Dismiss, each asserting that they are not joint employers under the FLSA and that, therefore, the Court should dismiss the counts against them.

## DISCUSSION

### Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

**Stating a Claim under the FLSA**

To state a claim under the FLSA for unpaid overtime wages, a plaintiff must allege sufficient facts to establish that 1) the defendant employed him; 2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA (enterprise coverage) or plaintiff is otherwise covered under the FLSA (individual coverage) and 3) the defendant failed to compensate plaintiff for the hours worked. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Plaintiffs are alleging enterprise liability against Defendants.

To qualify for enterprise coverage, Defendants must "ha[ve] employees engaged in commerce or the production of goods for commerce, or [] ha[ve] employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. Section 203(s)(1)(A)(i) and  (ii).  The Eleventh Circuit has interpreted enterprise coverage to include businesses whose employees handle goods that have crossed state lines. *See Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1224 (11th Cir. 2010)(interpreting "materials" as "tools or other articles necessary for doing or making something" for commercial purposes).

In the Third Amended Complaint, Plaintiffs assert Auto Wax and the Dealer Defendants were enterprises engaged in interstate commerce.  Specifically, Plaintiffs allege Defendants had two or more employees, the requisite $500,000 per year in annual gross sales, and regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA.  *See* Third Amended Compl. ¶ 2,3.  In addition, Plaintiffs allege that they "on a regular and recurrent basis personally handled automotive cleaning, and maintenance products, as well as automobiles originating from outside the state of Florida, as part of their usual

4

job duties…." Third Amended Complaint ¶ 4. Although Plaintiffs' original complaint lacked sufficient allegations regarding enterprise coverage, the Court finds that Plaintiffs have adequately alleged enterprise coverage under the FLSA. *See Leon v. Tapas & Tintos, Inc.*, No. 14-CV-21133, 2014 WL 5032435 *4 (S.D.Fla. Oct. 7, 2014)(holding that where plaintiffs (dishwashers) alleged they handled goods and materials moved in interstate commerce before they were delivered to the restaurant, FLSA enterprise coverage satisfied).

### Joint Employers

While the joint enterprise analysis determines FLSA coverage, the joint employer analysis determines whether two or more defendants share liability. *See See Cornell v. CF Center,* 2011 WL 196947 (11th Cir. 2011). Plaintiffs assert Auto Wax and the Dealer Defendants are joint employers under the FLSA and, therefore, jointly responsible for Plaintiffs' overtime wages.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (2013). An entity "employs" a person under the FLSA if it "suffer[s] or permit[s]" the individual to work. *Id.* To make this determination, courts ask if "as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D & S Farms,* 88 F.3d 925, 929 (11th Cir. 1996). Under the FLSA, an employee may have more than one employer and "whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." 29 C.F.R. § 791.2(a). A joint-employment relationship may be found to exist in the following situations:

>   (1)   Where there is an arrangement between the employers to share the employee's services, as for example, to interchange employees; or
>
>   (2)   Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or

> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

*Id.* § 791.2 (b).

In *Layton v. DHL Express*, 686 F.3d 1172 (11th Cir. 2012), the Eleventh Circuit set forth the following factors to evaluate the existence of a joint employment relationship:

1) the nature and degree of control of the workers;

2) the degree of supervision, direct or indirect, of the work;

3) the power to determine the pay rates or the methods of payments of the workers;

4) the right, directly or indirectly, to hire, fire or modify the employment conditions of the workers;

5) preparation of payroll and the payment of wages;

6) ownership of the facilities where work occurred; and

7) performance of a specialty job integral to the business.

In analyzing these factors, the Eleventh Circuit provided the following guideposts. First, "the focus of each inquiry must be on each employment relationship as it exists between the worker and the party asserted to be a joint employer." *Id.* at 1177. Second, "no one factor is determinative." *Id.* Third, the weight of each factor depends "on the light it sheds on the workers' economic dependence (or lack thereof) on the alleged employer, which in turn depends on the facts of the case." *Id.* Fourth, there is no mathematical formula for determining whether a joint employment relationship exists. Rather, the Court must view each factor qualitatively to assess evidence of economic dependence. Fifth, the Court "must not allow common-law concepts of

employment to distract our focus from economic dependency." *Id.*

Plaintiffs allege that they worked under the "supervision and control" of the Dealer Defendants. Amended Complaint ¶ 21. In addition, Plaintiffs assert the Dealer Defendants assigned their daily activities, ensured the quality of work, directed Plaintiffs as to which cars should be washed and conveyed customer complaints. These allegations, if proven, support a finding that the Dealer Defendants had a large degree of supervision over Plaintiffs' work and likely had a degree of control over Plaintiffs. Indeed, "[c]ontrol arises. . . when the [purported joint employer] goes beyond general instructions . . . and beings to assign specific tasks, to assign specific workers, or to take an overly active role in the oversight of the work." *Id.* (quoting *Aimable v. Long & Scott Farms*, 20 F.3d 434, 437 (11th Cir. 1994).

Plaintiffs further allege they worked at the Dealer Defendants' locations. Finally, Plaintiffs allege their work was integral to the Dealer Defendants' business. Although the Dealer Defendants dispute that car washing is integral to the business of selling cars, for purposes of the motions to dismiss, Plaintiffs have sufficiently alleged this factor. Based on a review of all of the factors, the Court finds Plaintiffs have adequately alleged that Auto Wax and the Dealer Defendants are joint employers for purposes of FLSA liability.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that S. Woods Industries, LLC and Woods Treasure Coast, LLC's  Motion to Dismiss [ECF 66] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that EFN Investments, Napleton's Nissan, Napleston's North Palm Auto Park, Inc., Arrigo DCJ Sawgrass, Inc., and Napleton's North Palm Hyundai's

7

Motion to Dismiss Plaintiffs' Third Amended Complaint for Failure to State a Claim [ECF 69] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Suburban of Palm Beach, LLC's Motion to Dismiss Plaintiffs' Third Amended FLSA Complaint [ECF 70] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Defendant Arrigo DCJ Sawgrass, Inc.'s Motion to Dismiss Plaintiffs' Third Amended FLSA Complaint [ECF 103] is **DENIED.**  It is further

**ORDERED AND ADJUDGED** that Plaintiffs shall move for final default judgment against Maldonado Brothers, Inc. and Brinolfo Maldonado within ten (10) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of December, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge Turnoff
        All Counsel of Record